**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| CHAN SAETERN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MCLANE/SUNEAST, INC., et al.,<br><br>Defendants. | Case No. 1:24-cv-1000 KES FRS (SKO)<br><br>ORDER DISMISSING PLAINTIFF'S INDIVIDUAL CLAIMS WITH PREJUDICE, DISMISSING CLASS CLAIMS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE THIS CASE |

## I.    BACKGROUND

On November 26, 2024, the parties filed a joint notice, reporting they "reached a settlement in principle of Plaintiff's individual claims, subject to the preparation and execution of a long-form settlement agreement." Doc. 13 at 3.  The parties also indicated the settlement would "result in a dismissal of all claims in this action." *Id.*  In response, the Court ordered the parties to file appropriate papers to dismiss the action by no later than December 17, 2024.  Doc. 14.  The Court warned the parties that the failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties. *Id.*

On December 18, 2024, the Court approved the parties' stipulation to continue the deadline to file a request for dismissal and extended the deadline to February 25, 2025.  Doc. 16. The parties did not file the required dispositional documents by the ordered deadline or otherwise provide any explanation to the Court for their failure to do so.

1

On November 17, 2025, the Court ordered the parties "to show cause for the failure to file appropriate papers to dismiss the action" by the ordered deadline. Doc. 17. Counsel were ordered to respond by no later than December 1, 2025, and were warned that a failure to comply may result in the imposition of sanctions. *Id.*

On December 1, 2025, Defendants filed a written response to the Court's order to show cause, supported by evidence of email communications with Plaintiff's counsel. Doc. 18. According to Defendants, their counsel sent a draft of the settlement agreement to Plaintiff's counsel on December 2, 2024. *Id.* at 2. After proposed edits and follow-up communications regarding the status, Defendants received the signed settlement agreement on June 18, 2025. *Id.* Defendants subsequently reminded Plaintiff's counsel of the obligation to file a dismissal of this case and requested that Plaintiff do so immediately. *Id.* at 3. On September 29, 2025, Plaintiff's counsel responded saying they "thought we had already dismissed this a while ago" and would "get a dismissal on file ASAP." *Id.* On November 18, 2025, Defendants sent a Plaintiff's counsel a copy of the court's order to show cause, *id.*, which had also previously been served on Plaintiff's counsel by ECF.

Defendants request dismissal of Plaintiff's individual claims with prejudice. Doc. 18 at 3. To date, Plaintiff has not responded to the Court's order to show cause, nor opposed the request for dismissal.

## II.   DISCUSSION

In determining whether to dismiss an action as a sanction, courts must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

### A.   Public interest

The Ninth Circuit determined that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Thus, the public's interest weighs in favor of the imposition of terminating sanctions against

Plaintiff.

**B.       Court's management of its docket**

District courts have inherent authority to manage their dockets without being subject to noncompliant litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The Eastern District of California is one of the busiest federal courts in the United States, with among the heaviest caseloads in the nation. As a result, the Court's interest in managing its docket weighs in favor of sanctions. *See Gonzales v. Mills*, 2011 WL 976713, at *5 (E.D. Cal. Mar. 16, 2011) (finding the Court's need to manage its docket favored terminating sanctions because this Court "has a significantly impacted docket [that is overly congested" and cases that are stalled by the litigant conduct "aggravate the situation"). This factor favors dismissal.

**C.       Prejudice**

The risk of prejudice to the Defendants also weighs in favor of dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the Defendants. *See, e.g., Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). Defendants suffer prejudice from Plaintiff's failure to dismiss the action, with the litigation remaining pending despite the parties having executed a settlement agreement. This factor also weighs in favor of dismissal.

**D.       Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). A court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone v. U.S. Postal Service,* 833 F.2d 128, 133 (9th Cir. 1987); *Ferdik*, 963 F.2d at 1262.

In both the order directing the filing of dispositional documents and the order to show cause, the Court warned that sanctions may be imposed for failure to comply with the orders. *See, e.g.,* Doc. 14, 17. Importantly, the Court need issue only one warning that sanctions may be imposed to satisfy the requirement to consider lesser sanctions. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying

3

a "warning" as an alternative sanction).  This factor also supports dismissal of Plaintiff's claims.

### E.    Public policy

Although public policy generally weighs against dismissal, it lends little support "to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations omitted).  Moreover, here the parties have executed a settlement agreement resolving this case, which supports dismissal of the case.  And even if this factor did not support dismissal, it would be outweighed by the other *Henderson* factors supporting dismissal.  *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

## III.   CONCLUSION AND ORDER

Based upon the foregoing, the Court **ORDERS**:

1.    This action is **DISMISSED** with prejudice, as to Plaintiff's individual claims.

2.    The class claims raised in the complaint are **DISMISSED** without prejudice.

3.    The Clerk of Court is directed to assign a magistrate judge for purposes of closing this matter and to close this case.

IT IS SO ORDERED.

Dated:    March 17, 2026

_____
UNITED STATES DISTRICT JUDGE